IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DERRICK T. CROWE, #795248 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv491 |
| DIRECTOR, TDCJ-CID, ET. AL. | § | |

ORDER OF DISMISSAL

Plaintiff Derrick Crowe, an inmate confined within the Texas Department of Justice (TDCJ), proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the United States Magistrate Judge, the Honorable Judge K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff argued that Texas is one of few states of the United Sates that does not pay a viable wage for prisoner labor/services, which shows that TDCJ is violating the Fourth and Thirteenth Amendments—as well as the Forced Labor Act—because prisoners are not slaves and this country abolished involuntary servitude. In September 2018, Judge Mitchell issued a Report, (Dkt. #13), recommending that Plaintiff's complaint be dismissed, prejudice, under 28 U.S.C. § 1915A(b)(1). She highlighted that the law on this issue is well-established and that the Fifth Circuit Court of Appeals has repeatedly rejected these claims. *See Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) ("Compelling an inmate to work without pay does not violate the Constitution."); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001) ("This appeal leads us to reiterate that inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."). Given this issue is well-established in this circuit, Judge Mitchell correctly recommended that his complaint be dismissed.

Furthermore, Plaintiff insisted that if he is disciplined for refusing to work, TDCJ will revoke privileges such as commissary, recreation, good time credits, and, ultimately, release on parole.

In her Report, Judge Mitchell highlighted that there is no constitutional right to release on parole and no protected liberty interest in previously earned good-time credits when an inmate is not eligible for mandatory supervision. *See Williams v. Dretke*, 306 Fed. App'x 164, 166 (5th Cir. 2009) ("Texas prisoners have 'no constitutional expectancy of parole' and, thus, any effect that the punishment had on Williams's parole eligibility could not support a constitutional claim."); *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *see also See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700 *2 (5th Cir. 2009) ("Because Stewart is ineligible for early release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits.").

Given that Plaintiff was convicted of murder—and is thus ineligible for mandatory supervision—Judge Mitchell again found that Plaintiff's claims lack basis in law and fact. *See Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013) ("Because Bagby was ineligible for release on mandatory supervision, the district court did not err in finding that Bagby failed to state a due process claim with respect to the loss of his good-time credits.").

A copy of this Report was sent to Plaintiff's last known address. However, to date, no objections have been filed. The Court notes that Plaintiff has not communicated with the Court since September 2018, before the Report was issued. Moreover, given that the law in these areas is well-settled, Judge Mitchell's Report is correct.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See*

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). Accordingly, it is

**ORDERED** that the Report of the United States Magistrate Judge, (Dkt. #13), is **ADOPTED** as the opinion of the court. Further, it is

**ORDERED** that Plaintiff's civil rights lawsuit is **DISMISSED**, with prejudice, under 28 U.S.C. § 1915A(b)(1). Further, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED March 19, 2019.**

_____
Ron Clark, Senior District Judge